# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : |
| | :CHAPTER 13 |
| Gerald E. Kane | : |
| xxx-xx-6227 | : |
|     Debtor. | :CASE NO. 21-13401/MDC |
| | : |
| Truman 2021 SC9 Title Trust | : |
|     Movant, | : |
| v. | :Courtroom Number 2 |
| | : |
| GERALD E. KANE | :Hearing Date: October 17, 2023 |
| | : |
|     Debtor, | : |
| And | : |
| | : |
| KENNETH E. WEST | : |
|     Trustee, | : |
| | : |
|     Respondents. | : |

**STIPULATION RESOLVING MOTION OF TRUMAN 2021 SC9 TITLE TRUST FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT MOVANT TO EXERCISE ITS RIGHTS UNDER STATE LAW AGAINST CERTAIN REALTY KNOWN AS 106 SOUTH 24TH STREET, BRIGANTINE, NEW JERSEY 08203**

THIS matter being opened to the Court by Emmanuel J. Argentieri of the law office of Romano Garubo & Argentieri, counsel for the secured creditor, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of the Truman 2021 SC9 Title Trust, (hereinafter "Movant"), upon the filing of a motion for relief from stay as to real property, more commonly known as 106 South 24th Street, Brigantine, New Jersey 08203; and Joseph F. Claffy, Esquire having filed an answer thereto on behalf of the Debtor; and Sharon S. Masters,

Esquire having taken over representation of the Debtor in the above-captioned case; and it appearing that the parties have amicably resolved their differences and for good cause shown;

1. If any valid proofs of payment are produced by the Debtor, his post-petition mortgage account shall be adjusted accordingly.

2. The Debtor is currently due for the April 1, 2023 through November 1, 2023 post-petition monthly mortgage payments, which are broken down as follows: 8 times payment of $2,489.60, less suspense balance of $2,126.51. The total due is $17,790.29.

3. On or before February 27, 2024, Debtor shall bring his post-petition mortgage account completely current through February 1, 2024.

4. If Debtor complies with Paragraph 3 herein, then commencing with the March 1, 2024 post-petition mortgage installment payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtor shall remit payments directly to Movant as same come due.

5. If Debtor does not comply with Paragraph 3 herein, then Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay as to the aforesaid property, effective February 28, 2024.

6. The provisions of this stipulation do not constitute a waiver by the Moving Party of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

7. If the case is converted to a Chapter 7, Movant shall file a Certification of Default with the Court and the Court may enter an Order granting relief from the automatic stay.

8. If Debtor complies with Paragraph 3 herein, then reimbursement of Movant's attorney fees totaling $1,050.00 shall be rolled into Debtor's Chapter 13 plan as a secured claim and shall be paid to Movant over the remaining term of Debtor's plan. Debtor shall modify his plan by March 31, 2024.

9. If any of the aforementioned stipulation payments and/or regular monthly mortgage payments commencing after the cure of the post-petition delinquency are more than thirty (30) days late, Movant may send Debtor a written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of the notice, counsel for US Bank may file a Certification of Default with the Court and the Court shall enter an Order granting it relief from the automatic stay as to the mortgaged property herein.

*The undersigned hereby consent to the form and entry of the within order.*

/S/EMMANUEL J. ARGENTIERI
Emmanuel J. Argentieri, Esquire            Date: 11/15/2023
Attorney for Movant. US Bank


/S/SHARON S. MASTERS
Sharon S. Masters, Esquire
Attorney for Debtor, Gerald E. Kane         Date: 11/17/2023


/s/ LeeAne O. Huggins_____
LeeAne O. Huggins, Esquire
For: Kenneth E. West, Esquire
Chapter 13 Trustee
*No objection to the terms, without prejudice
To any of the Trustee's rights and remedies*         Date: 11/28/2023


AND NOW, this_____day of _____, 2023, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

_____
Honorable Magdeline D. Coleman
U.S. Bankruptcy Judge
Chief Judge, Eastern District of Pennsylvania